FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS 2007 SEP 18 AM 11: 18
SAN ANTONIO DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY CLERK

| | |
|---|---|
| ADVOCACY, INCORPORATED, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | CIVIL ACTION NO._____ |
| § | |
| BEXAR COUNTY, TEXAS; § | SA07CA0758XR |
| § | |
| RALPH LOPEZ, in his official capacity § | |
| as the Interim Acting Sheriff of § | |
| Bexar County, Texas; and his successor to § | |
| the Office of Sheriff, § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Advocacy, Incorporated complains of Defendants Bexar County and Ralph Lopez, in his official capacity as Sheriff of Bexar County.

### I. PRELIMINARY STATEMENT

Advocacy, Incorporated, as Texas' designated protection and advocacy system, has the authority to have unrestricted access to all general areas of the Bexar County Adult Detention Center ("BC Jail"), as well as the Jail's special mental health or forensic units, for the purposes of providing information, training, monitoring compliance with respect to the rights and safety of Jail detainees, and to investigate any incidents of abuse or neglect of Jail detainees.

Advocacy, Incorporated ("Advocacy") has made repeated requests to the Defendants to access the Jail in accordance with its federal mandates; however, the Defendants continue to deny

Advocacy full, complete, meaningful, and timely access to the BC Jail and its detainees, in violation of the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, *et seq;* the Developmental Disabilities Assistance and Bill of Rights Act ("DD"), 42 U.S.C. §§ 15001, *et seq.*; and the Protection and Advocacy for Individual Rights Act ("PAIR"), 29 U.S.C. § 794e(a). (These three laws are hereafter collectively referred to as the "P&A Acts.")

Advocacy seeks declaratory, preliminary and permanent injunctive relief to prevent the Defendants from continuing to thwart Advocacy's statutory obligations to protect and advocate on behalf of individuals with disabilities and to investigate incidents of abuse or neglect pursuant to FRCP Rules 57 and 65, 28 U.S.C. § 2201, 42 U.S.C. § 10805(a)(1)(B), and 42 U.S.C. § 1983.

## I. JURISDICTION

This action is authorized by 42 U.S.C. § 1983 to redress the deprivation, under color of law, of rights guaranteed by the P&A Acts, 42 U.S.C. § 10801, *et seq.*, 42 U.S.C. §§ 15001, *et seq*, 29 U.S.C. § 794e(a), and 28 U.S.C. §§ 2201-02. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331.

This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Defendants reside in this district, and the events and omissions complained of occurred in this district.

## III. PARTIES

Plaintiff ADVOCACY, INCORPORATED ("Advocacy") is a nonprofit Texas corporation authorized by Congressional mandate to protect and advocate for the civil rights of persons with disabilities. Advocacy was and is designated by the State of Texas to perform the above-referenced

Congressional mandate pursuant to the DD Act, 42 U.S.C. §§ 15001-15003, and the PAIMI Act, 42 U.S.C. §§ 10802-03. Advocacy spends considerable time and resources monitoring conditions at detention facilities, including facilities like those at the BC Jail, and in advocating for the rights of individuals residing in those facilities.

Defendant, Bexar County, is a county of the State of Texas. Bexar County funds and operates the Bexar County Adult Detention Center ("BC Jail"). Defendant Bexar County is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. Defendant Bexar County is also responsible for ensuring that all of its facilities, including the BC Jail, are in compliance with federal and state laws. Bexar County, Texas may be served by serving its County Judge, Nelson Wolff, at 100 Dolorosa, Suite 120, San Antonio, Texas, 78205.

Defendant RALPH LOPEZ, at all relevant times, was and is the Sheriff of Bexar County, Texas, and was the Sheriff at the time of the events made the subject of this cause of action. Defendant Ralph Lopez was and continues to be the duly-elected sheriff of Bexar County and chief administrator of the Bexar County Sheriff's Department and of the BC Jail. As such, Defendant Ralph Lopez was and continues to be the commanding officer of all Bexar County Sheriff's deputies, Jailers, Jail employees, and contractors, and he was and is responsible for their training, supervision, and conduct. By law, Defendant Lopez is responsible for ensuring that the BC Jail is in compliance with federal and state laws. By law, Defendant Lopez was and is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. At all relevant times, Defendant Lopez was acting under color of law and as the agent, servant, and, as a matter of law, the official representative of Defendant Bexar County and as the County's chief law enforcement officer. He may be served individually and in his official capacity at the Bexar County Sheriff's Office, 200 North Comal, San Antonio, Texas 78207.

Whenever Plaintiff uses the word "Defendants" in this petition, it means Defendants, their agents, employees, successors and all persons acting in concert with them at their direction.

## IV.  FACTS

Every state, including the State of Texas, is mandated by Congress to have a 'protection and advocacy system' designed to protect and advocate for the rights of individuals with disabilities, and to investigate incidents of abuse and neglect of individuals with disabilities. These systems were created because many persons with disabilities living in private and public institutions suffered and continue to suffer from abuse and neglect, and are often unlikely to report abuses committed by the people who have daily control over their lives. *See, e.g.*, 42 U.S.C. § 10801, *et seq.*; 42 U.S.C. § 15001, *et seq*. Pursuant to these P&A Acts, the State of Texas has designated Advocacy to be that system for Texans with disabilities. As a protection and advocacy system, Advocacy has independent access to persons with disabilities residing in these institutions, as well as access into these facilities, including jails.

Specifically, pursuant to the PAIMI Act, Advocacy, has access to all general areas of a Jail, as well as to a jail's special mental health or forensic units. *See* 42 C.F.R. § 51.2. When accessing a facility, the P&A Acts require Advocacy to have unaccompanied access to facilities to: (1) monitor compliance with respect to the rights and safety of jail detainees; (2) provide information and training about individual rights to jail detainees; (3) investigate allegations of abuse and neglect of such persons; and (4) inspect, view and photograph all areas used by or accessible to jail inmates. *See,* 45 C.F.R. § 1386.22(f)-(h); 42 C.F.R. § 51.42(b)-(e). In addition, the P&A Acts authorize Advocacy to pursue administrative, legal, and other appropriate remedies to ensure enforcement of the jail detainees' constitutional and statutory rights. 42 U.S.C. 10805 (a). Defendants, however, are attempting to limit Advocacy's access to the Jail and its detainees, access which is necessary for

Advocacy to perform its Congressionally mandated protection and advocacy role. Advocacy has a statutory right to such access.

Between June 2006 and up to May, 2007, Advocacy had complete and meaningful access to the BC Jail pursuant to an "all access" identification badge provided by the BC jail. The badge enabled Advocacy, in accordance with its federal mandates, to have unescorted access to all areas of the jail and to visit with inmates as needed. No advance notice was required. During the period of time that Advocacy had access to the BC jail, it received several complaints from BC jail detainees. Specific examples of the complaints that Advocacy has received from BC jail inmates include:

- A Detainee with a mobility impairment was unable to shower because the BC Jail does not have an accessible, working shower chair. This same inmate was denied medical attention for excessive bleeding although he repeatedly reported the incident to the nurses. He also sustained injuries to his knee when a jail guard pushed his wheelchair into his room and forcibly shut the door behind the inmate. As a result of the push, the chair was forced under the sink which caused bruising and irritation/pain to his knee.

- Detainees with mobility impairments were required to pull themselves into a transporting vehicle without assistance, or the use of appropriate transferring equipment, and at times were lifted by BC Jail guards when being transported to their court and/or medical appointments. Lifting someone from their wheelchair and transferring them into a van for transportation is an uncomfortable experience, both physically and in terms of dignity and is not considered to be an acceptable alternative to appropriate accessibility measures under the American with Disabilities Act.

- A Detainee who was receiving mental health treatment at the San Antonio State Hospital and transferred back to the BC Jail raised concerns regarding administration of his prescribed medications. Upon admission into the jail, his medication treatment was continuously disrupted. This disruption in his treatment escalated when he was moved within different pods in the jail setting.

- Advocacy also received a complaint from inmates regarding sewer backups into one of the rooms in the infirmary. Advocacy was not able to investigate this complaint due to a lock out.

- A Detainee who has a diagnosis of mental retardation and mental illness and on psychiatric medications was not provided timely medical and mental health treatment. Upon admission into the jail, detainee made several requests for his psychiatric medications but remained without any medications. This detainee was also diagnosed with tinea pedis, a fungal infection that may be transmitted by direct or indirect contact. This fungal had another medical (skin) condition which required the daily and systematic application of a prescription cream, which detainee was not provided with on a consistent regimen resulting in infection relapses.

- Advocacy also learned that several detainees were potentially kept in wrongful isolation. One detainee was placed in handcuffs and leg chains while in isolation was sometimes put in handcuffs and leg chains while in his cell. Nothing in his records suggested the need or authorization for this type of restraints.

- Advocacy also received a complaint from a detainee who was in the Bexar County work release program. This detainee was not allowed fresh air and exercise; was being denied a medical evaluation and treatment; was not provided a psychiatric evaluation; and was not provided the group therapy recommended by his therapist.

Upon receiving these complaints and in an attempt to resolve amicably the issues affecting persons with disabilities in the BC Jail, Advocacy requested to meet with the then Bexar County Sheriff, Ralph Lopez on January 30, 2007. When Advocacy did not receive a response from the BC Sheriff, a second letter dated February 22, 2007 was sent to the Sheriff, requesting records and a tour of the jail. Again, BC jail administrators did not respond to Advocacy's requests to meet and discuss issues affecting inmate care. Consequently, when the Sheriff did not respond, Advocacy forwarded its concerns regarding inmate care to the Texas Commission on Jail Standards. Advocacy also sent two additional letters to Defendants requesting a tour of the jail.

On April 13, 2007, BC jail administrator, Dennis McKnight, responded to Advocacy's letter declining to accommodate Advocacy's request due to "increased demands on staff; on going construction and repairs to the facility; and safety concerns." On April 19, 2007, the BC jail administrator requested additional information on Advocacy's right of access, to which Advocacy sent yet another letter to Defendants, which contained the federal statutes and regulations that set forth Advocacy's authority to access facilities.

Defendants' response to this letter was to unlawfully restrict Advocacy's right of access to the BC Jail and to the inmates. On May 2, 2007, Defendants' BC jail administrator directed Advocacy staff to surrender the "all access" identification badge previously issued to Advocacy. Advocacy staff was also informed that in order to access the jail, it would be required to provide advance notice of its visits; to identify which inmates it was requesting to visit; and to be escorted by BC Jail staff, in order to speak with an inmate. Essentially, Advocacy was denied any access to the jail unless it provided a specific inmate name. Even after providing the BC jail with an inmate's name, any visits would be restricted to the medical unit office. The escort was required to walk Advocacy staff to and from the meeting area and no where else.

After being advised of this new policy, on May 2, 2007, Advocacy staff still requested visits with several existing clients. After waiting twenty (20) minutes, Advocacy was informed that, due to limited staff, time, and resources, an escort would not be available and that she should come back another day. On May 17 and 18, 2007, Advocacy made additional attempts to provide advanced notice and arrange for an escort to visit with existing clients on May 22, 2007. BC jail administrators did not respond to such requests until May 21, 2007. At that time, Advocacy was informed that Advocacy's proposed visit for May 22, 2007 was not possible. The parties then agreed to an Advocacy visit on May 30, 2007. Advocacy attempted to visit the jail again on May 30, 2007, as previously arranged with BC jail staff. However, en route to the jail, Advocacy was informed that the Defendants did not have staff available to provide an escort to Advocacy staff, yet again preventing Advocacy from visiting its clients.

When again, Advocacy attempted to arrange a visit in early June, Defendants indicated that an escort would not be available and suggested Advocacy meet with its clients in the attorney

booths. Defendants' new policy and additional restrictions as to the areas of access, prevented Advocacy from accessing the BC Jail to monitor the conditions in the BC Jail and its compliance with respect to the rights and safety of jail detainees, thus impeding it federal authority and mandates.

However, even as recently as July 2, 2007, in a last ditch effort to visit with its clients, Advocacy staff attempted to see an inmate in the attorney section of the jail. Despite being accompanied by BC jail medical staff, Nancy Rodriguez, who confirmed Advocacy's authority to access the attorney area, two separate deputies questioned Advocacy's use of and presence in that area and further delayed Advocacy's access to its clients. In brief, Advocacy's attempts to visit the facility and meet with the BC inmates has been thwarted by pretexts; more restrictions; delays; or other barriers created by BC jail staff.

Under the above-described circumstances, Defendants have acted individually and collectively in their official capacities to create and maintain a system that hampers the Congressionally-mandated function and duties of Advocacy at the Jail. Although Plaintiff has no obligation to exhaust administrative or other remedies in this case, Plaintiff has spent considerable and reasonable time trying to get Defendants to allow Advocacy full, meaningful, and timely access to the Jail, as required by federal law. Unfortunately, Plaintiff's efforts to comply with its congressional mandate have been unsuccessful as a result of Defendants' actions or failure to act.

## V. CAUSES OF ACTION

Advocacy, as Texas' designated protection and advocacy system, has the authority to access all general areas of the Jail, as well as the Jail's special mental health or forensic units. 42 U.S.C. §§ 10805(a)(3), § 15043(a)(2)(H); 42 C.F.R. § 51.42.

Advocacy's federal mandate specifically grants Advocacy unrestricted access to the Jail, during all hours and all shifts, for the purposes of providing information, training, and monitoring compliance with respect to the rights and safety of residents, and to investigate the incidents of abuse or neglect of Jail detainees. 42 U.S.C. §§ 10805, § 15043; 42 C.F.R. § 51.42(b)-(e); 45 C.F.R. § 1386.22(f)-(h);

Defendants' failure to permit Advocacy full, meaningful, and timely access to the BC Jail and its detainees violates the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI"), 42 U.S.C. § 10801, *et seq;* the Developmental Disabilities Assistance and Bill of Rights Act ("DD"), 42 U.S.C. §§ 15001 *et seq.*; and the Protection and Advocacy for Individual Rights Act ("PAIR"), 29 U.S.C. § 794e(a).

Plaintiff has no adequate remedy at law and will be irreparably harmed if the Defendants are permitted to continue to deny Advocacy access to the BC Jail and its detainees.

## VI.  INJUNCTIVE RELIEF

Plaintiff restates and incorporates by reference each of the allegations contained herein.

The policies, procedures, regulations, practices and customs of the Defendants, acting under color of law, violate and continue to violate the rights of Plaintiff to full, meaningful, and timely access to the BC Jail and its detainees, in violation of the P&A Acts. Unless preliminarily and permanently enjoined, Defendants will continue to violate Advocacy's right to such access and information in the future.

Plaintiff requests that, after notice and hearing, the Court enter a preliminary injunction, and, after trial on the issues, enter a permanent injunction enjoining the Defendants from continuing to deny full, meaningful, and timely access by Advocacy to the BC Jail and its detainees.

## VII. DECLARATORY RELIEF

Plaintiff restates and incorporates herein by reference each of the allegations contained herein.

Plaintiff requests that, after notice and hearing, this Court enter a declaratory judgment that the Defendants' policies, regulations, and practices of continuing to deny Advocacy full, meaningful, and timely access to the BC Jail and its detainees violated and continues to violate the P&A Acts.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court:

(A)  Grant preliminary and permanent injunctive relief that enjoins Defendants, their agents or employees, from denying Advocacy immediate, full, meaningful, and unaccompanied access by Advocacy to the BC Jail and its detainees for the purpose of monitoring compliance by the BC Jail with respect to the rights and safety of jail detainees; conducting abuse and neglect investigations; providing information and training about individual rights to jail detainees; and, if necessary, inspecting, viewing, and photographing all areas of the BC jail, used by or accessible to jail inmates, and to do so without advance notice and at any reasonable time, including during business and visiting hours;

(B)  Issue a declaratory judgment that the Defendants' policies, regulations, and practices of denying Advocacy immediate, full, meaningful, and unaccompanied access by Advocacy to the BC Jail and its detainees, without advance notice and at any reasonable time, including during business and visiting hours, for the purposes stated

above, violate the PAIMI Act, 42 U.S.C. § 10801 *et seq.;* the DD Act, 42 U.S.C. §§ 15001 *et seq.*; and the PAIR Act, 29 U.S.C. § 794e(a);

(C)  Award Plaintiff its reasonable necessary attorneys' fees and costs pursuant to 28 U.S.C. § 2202, 42 U.S.C. § 1988; and

(D)  Award such other and further relief to which Plaintiff is justly entitled, at law or equity.

Respectfully submitted,

_____
ROSA E. TORRES
Federal Bar No. Xxx
State Bar No. 20144540
ADVOCACY, INCORPORATED
200 South 10th Street, Suite 405
McAllen, Texas 78501
(956) 630-3013 (TDD/Voice)
(956) 630-3445 (FAX)

BETH MITCHELL
State Bar No. 00784613
ADVOCACY, INCORPORATED
7800 Shoal Creek Boulevard, Suite 171-E
Austin, Texas 78757-1024
(512) 454-4816 (TDD/Voice)
(512) 454-3999 (FAX)

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

THE STATE OF TEXAS            §

COUNTY OF TEXAS               §

BEFORE ME, the undersigned authority, on this day personally appeared ROSA E. TORRES, who, known to me, after being by me duly sworn, an oath stated:

"I am a Legal Services Unit Attorney for Advocacy, Incorporated, the Plaintiff in this action; I have read the forgoing Verified Complaint, and am familiar with the contents which are true and correct to the best of my information and belief."

_____
ROSA E. TORRES

SUBSCRIBED AND SWORN TO BEFORE ME on the 17th day of September 2007, to certify which witness my hand and official seal.

ADELA ARELLANO
Notary Public, State of Texas
My Commission Expires
November 21, 2010

_____
Notary Public in and for the State of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2007, a true and correct copy of the foregoing Plaintiff's Verified Original Complaint. Plaintiff was unable to serve this document on the Defendants' attorney of record as this Motion has been filed concurrently with Plaintiff's Verified Original Complaint. Defendants have not answered the Complaint and Plaintiff is unaware of who the Defendants' attorney of record will be, and therefore, Plaintiff is serving this Motion and its attachments on:

Defendant Bexar County, Texas
c/o County Judge Nelson Wolff
100 Dolorosa, Suite 120
San Antonio, Texas, 78205

Defendant Ralph Lopez
Interim Acting Sheriff of Bexar County, Texas
Bexar County Sheriff's Office
200 North Comal
San Antonio, Texas 78207

_____
Rosa E. Torres